**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| JEFFERY W. HOMER,<br><br>Plaintiff,<br><br>v.<br><br>ROSIE RIVERA et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND REQUIRING AMENDED COMPLAINT**<br><br>Case No. 2:19-CV-216 CW<br><br>District Judge Clark Waddoups |

Plaintiff, Jeffery W. Homer, a former inmate at Salt Lake County Jail (SLCJ), filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2022), proceeding *in forma pauperis*, *see* 28 *id.* § 1915, (ECF No. 2). The Amended Complaint, (ECF No. 21), is now before the Court on Defendant's Motion to Dismiss, (ECF No. 31).

**I. Standard of Review**

In evaluating alleged causes of action for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory

and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

Specific to this case, Plaintiff was advised in an earlier Order that he should "include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred." (ECF No. 20, at 4.) He was further advised "to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim." (*Id.* at 4 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007).

Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").)

**II. Plaintiff's Allegations**

Plaintiff's Amended Complaint alleges that Salt Lake County Defendants, Todd Wilcox, Robert Ballard, Joel Smith, and Bradli Jo Asplund, retaliated against Plaintiff for filing grievances, in violation of his right to freedom of speech under the First Amendment to the Federal Constitution; and provided inadequate medical care, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.

Specifically, Plaintiff asserts that "between January 2019 and August 2019":

(1) Defendant Wilcox "denied daily medical care . . . critical to plaintiff's health," "entered false information in Plaintiff's medical file," "withheld medication from plaintiff which was ordered by other physicians," and "ordered other medical staff to enter false information into plaintiff's medical file." (ECF No. 21, at 2.)

(2) Defendant Asplund, "entered false information into plaintiff's medical record," "lied to Defendant Wilcox" that Plaintiff was "not properly taking medication," "used the disciplinary system against Plaintiff once plaintiff filed a grievance against her," and "denied plaintiff medical attention ordered by other doctors." (*Id.* at 2-3.)

(3) Defendant Smith "entered false information into plaintiff's medical records," "denied plaintiff critical medical attention," "withheld medication from plaintiff," "used the disciplinary system against plaintiff when plaintiff tried to get medical attention," and "ordered other nurses to enter false information into plaintiff's medical records." (*Id.* at 3.)

(4) Defendant Ballard "denied plaintiff critical medical care [and medications] ordered by other doctors" and "entered false information into plaintiff's medical records." (*Id.* at 3-4.)

About these allegations, Defendants argue in their Motion to Dismiss that Plaintiff fails to state a claim upon which relief may be granted. (ECF No. 31, at 4.) This argument is based on Plaintiff's omission of "specific factual allegations that include the specific dates, times, places, or other circumstances under which the alleged actions took place"--e.g., detailing "any specific injury [Plaintiff] incurred while incarcerated at the Salt Lake County Jail," "the condition for which he sought medical care," and "any particular medical treatment or medication denied to him." (*Id.*)

**III. Retaliation**

Plaintiff does not frame a cause of action as "retaliation." He instead calls it, "Grievance Denial," stating, "after the plaintiff filed grievances that the defendants used the jail disciplinary system to 'write-up' plaintiff." (ECF No. 21, at 4.) Plaintiff contends that "on three separate occasions," defendants used "false write-ups to further deny plaintiff medication, medical attention, and entered more false information into plaintiff's medical records." (*Id.*) Of the defendants listed, Plaintiff asserts Defendant Asplund "used the disciplinary system against Plaintiff once plaintiff filed a grievance against her"; and Defendant Smith "used the disciplinary system against plaintiff when plaintiff tried to get medical attention." (ECF No. 21.) This is the totality of Plaintiff's allegations, which the Court construe to be a potential retaliation claim.

"It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.

1990)). To show retaliation, Plaintiff must prove three elements: (1) Plaintiff was involved in "constitutionally protected activity" (and "filing of prison grievances [for example] is a constitutionally protected activity," *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018)); (2) Defendants' behavior injured Plaintiff in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to Plaintiff's constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

First, Defendants Ballard and Wilcox are not named in this section, so they are not considered further by the Court under this potential retaliation claim. Second, Plaintiff has not stated what injury he sustained as a result of Defendants Asplund and Smith’s allegedly retaliatory behavior and how that chilled him (as a person of ordinary firmness) from continuing his constitutionally protected behavior. And, third, Plaintiff does not even tie Defendants' injurious behavior to Plaintiff's constitutionally protected conduct, let alone allege the injurious behavior was "substantially motivated" by Plaintiff's filing of grievances or seeking of medical attention. Plaintiff merely states disparate facts: (a) He filed grievances or sought medical attention. (b) Defendants "used the disciplinary system against" him. He does not even state that (b) was caused by (a). With no more information than (b) followed (a), he appears to draw an inference that (b) was caused by (a). This is not enough to state a claim for retaliation. Plaintiff's retaliation allegations thus fail to state a claim upon which relief may be granted.

**IV. Inadequate Medical Care**

Plaintiff's second cause of action asserts Defendants denied medical care that was "critical to [his] health," withheld important medications; and either falsified or ordered someone

else to falsify information in his medical records. (ECF No. 21.) He gets no more detailed than this.

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Furthermore, “a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.” *Perkins v. Kan. Dep’t of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (“Disagreement with a doctor’s particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.”).

However, contrary to specific instructions by the Court, Plaintiff failed to detail the "'who,' 'what,' 'where,' 'when,' and 'why' of each claim." (ECF No. 20, at 4 (quoting *Robbins*, 519 F.3d at 1248).) Plaintiff was also advised that courts are "particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim],'" and warned that, "[g]iven such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.'" (*Id.* (quoting *Robbins*, 519 F.3d at 1248 (citing *Twombly*, 550 U.S. at 565 n.10)).)

Still, Plaintiff did not set forth dates of medical problems and attempts to see medical providers and visits with Defendants as medical providers. Neither did he state his medical problems nor what particular harms he suffered. He says his medical deprivation "was very serious" and "almost cost [him] his life," (ECF No. 21, at 4.), but was not explicit (as necessary) about what this all means--e.g., which defendant did or did not do what, on which date, and what was the exact result for Plaintiff's health? Also, he has not explained why he thinks Defendants were deliberately indifferent--e.g., what behavior or statements by Defendants show they knew he was in danger of serious harm but yet wantonly chose not to help?

Plaintiff's allegations are insufficient to state a claim for inadequate medical treatment.

**V. General Guidance for Amending Amended Complaint**

Plaintiff has already been given one chance to amend his complaint to cure deficiencies. (ECF No. 20.) However, based on the above analysis, Plaintiff's Amended Complaint still does not state a claim upon which relief may be granted. The Court therefore offers him a final opportunity to file an adequate complaint.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or any other document outside the

complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original); *McKnight v. Douglas Cty. Corr. Facility*, No. 21-3030-SAC, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (D. Kan. June 25, 2021) ("An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint.").

The amended complaint may also not be added to by any other document after it is filed without moving for further amendment.[1] Instead, all claims and information must be included in an amended complaint, if one is filed. No material outside the complaint will be treated as additional claims or defendants.

(2) The complaint must (a) "name every defendant in the caption of the amended complaint," *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (citing Fed. R. Civ. P. 10 ("The title of the complaint must name all the parties . . . .")), and (b) clearly state in the body of the complaint what each defendant--typically, a named government employee--did to violate

---

[1] The rule on amending a pleading reads:

> (a) Amendments Before Trial.
>
> > (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> >
> > > (A) 21 days after serving it, or
> > >
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> >
> > (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as closely as possible, specific locations, circumstances, and dates of alleged constitutional violations. *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1.

(3) Each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Presented with such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(4) Grievance denial alone, unconnected to 'violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(5) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2022). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

**ORDER**

**IT IS HEREBY ORDERED** that:

**(1)** Defendants' Motion to Dismiss the Amended Complaint is **GRANTED**. (ECF No. 31.)

**(2)** Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint," that does not refer to or include any other document. The Second Amended Complaint **MAY NOT** include claims outside or beyond what was already contained in the complaints originally filed here. This is the second and **FINAL** order allowing Plaintiff to cure deficiencies in his complaint. If a second amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon the defendants.

**(3)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if he wishes to pursue another amended complaint.

**(4)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(5)** Plaintiff's motion for discovery is **DENIED**, (ECF No. 33), as premature. There is not a valid complaint on file in this case as of this Order.

DATED this 12th day of September, 2022.

BY THE COURT:

CLARK WADDOUPS
United States District Judge